This case came before the Supreme Court for oral argument on May 9, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised in these consolidated appeals should not summarily be decided. After reviewing the memoranda of the parties, and having heard and considered the oral arguments advanced, we conclude that cause has been shown. Accordingly, this case is assigned to the regular calendar for full briefing and argument.
In August 2005, a man was battered at a Providence nightclub.[1] The defendant, Michael Camardo, a Providence police officer, responded to the scene but filed no report of the incident. In September 2007, the plaintiff, Dionisio Polanco, was arrested in connection with the beating; he was subsequently convicted following a nonjury trial in July 2008. Mr. Polanco was sentenced to ten years in prison, with four years to serve and six years suspended, with probation, was ordered to have no contact with the victim, and was ordered to pay $ 550 in assessments.
In the summer of 2010, two witnesses to the incident, who were previously unknown, came forward claiming that Mr. Polanco had not been the assailant. Plaintiffs allege that Officer Camardo had spoken to those witnesses on the night of the incident, but that, because no police report was filed, Mr. Polanco was not aware of their existence at the time of his trial. In light of this new evidence, Mr. Polanco requested a new trial from the Superior Court. His motion was granted and the judgment was vacated. On July 28, 2011, the state dismissed the charges against Mr. Polanco pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure.
On April 9, 2012, Mr. Polanco and several members of his family brought this negligence action against Officer Camardo and the City of Providence, alleging that Officer Camardo had failed to file a police report identifying potentially exculpatory witnesses, and that that failure led to Mr. Polanco's conviction and incarceration. In July 2017, defendants moved for summary judgment, arguing that the three-year statute of limitations imposed by G.L. 1956 § 9-1-14(b) served as a time bar to plaintiffs' claim. A justice of the Superior Court granted that motion, and final judgment entered in favor of defendants on April 10, 2018. Plaintiffs timely appealed, and their separate appeals were consolidated by order of this Court.
Before this Court, plaintiffs advance several arguments that, if successful, would rescue their claims from the statute of limitations. First, they argue that the discovery rule should toll the statute of limitations, at least until Mr. Polanco first learned of the existence of the exculpatory witnesses. They also argue that their claims should be tolled by G.L. 1956 § 9-1-20 or under a theory of equitable tolling. Alternatively, they argue that, because Mr. Polanco's arrest and conviction were lawful in all respects, plaintiffs did not suffer a legally cognizable injury until Mr. Polanco was awarded a new trial, his conviction was vacated, and the charges against him were dismissed pursuant to Rule 48(a). Therefore, plaintiffs argue, the cause of action did not accrue until that time. Finally, plaintiffs argue that the principles set *569 forth in Heck v. Humphrey , 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), would have prevented them from bringing a claim of negligence against Officer Camardo until Mr. Polanco's conviction was vacated, because any such claim would have amounted to an impermissible collateral attack on his conviction.
Having heard the arguments of the parties, and having closely examined the memoranda filed on behalf of the parties, we are of the opinion that this case should be returned to the regular calendar for full briefing and argument. It is so ordered.

The relevant facts in this case are gleaned from the Rule 12(A) statements filed on behalf of the parties. These facts do not appear to be in dispute.